UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEETA CHHETRI and<br>PRATIK CHHETRI,        )<br>      )<br>      )<br>    Plaintiffs,   )<br>      )<br>v.        )<br>      )<br>UNITED STATES OF AMERICA,  )<br>      )<br>    Defendant.   )     | CIVIL ACTION<br><br>FILE NO_____ |

**COMPLAINT**

COMES NOW Plaintiffs Geeta Chhetri and Pratik Chhetri, by and through undersigned counsel, and state for their Complaint against defendant United States of America as follows:

**INTRODUCTION**

On May 31, 2011, Plaintiff Geeta Chhetri sustained a spinal cord injury that rendered her permanently paralyzed, and Plaintiff Pratik Chhetri sustained four fractures of his spine and bilateral posterior atelectasis when an interstate motor coach they were riding in left the highway, overturned and crashed after its driver fell asleep at the wheel as the result of driver fatigue. The bus was owned and operated by Sky Express, Inc. ("Sky Express"). The Sky Express bus was en route

from North Carolina to New York, and the wreck occurred on Interstate 95 North in Caroline County, Virginia. The Federal Motor Carrier Safety Administration had determined that Sky Express posed a serious danger to the public, and had ordered it shut down before the crash but nevertheless permitted it to continue to operate for 10 additional days, during which period the crash took place. This case is an action for the damages associated with Ms. Chhetri's and Mr. Chhetri's personal injuries.

## PARTIES AND JURISDICTION

### 1.

Plaintiffs Geeta Chhetri and Pratik Chhetri are citizens of Nepal and reside at 510 East Bellows Street, Mount Pleasant, Michigan 48858.

### 2.

Defendant United States of America is a governmental entity that at all relevant times acted through employees of its agencies the United States Department of Transportation ("DOT") and the Federal Motor Carrier Safety Administration ("FMCSA") and its Southern Service Center based in Atlanta, Georgia.

3.

Plaintiff seeks recovery in this action pursuant to the Federal Tort Claims Act, 28 USC § 2671, *et seq*.  Jurisdiction over the subject matter of this case is conferred by 28 U.S.C. §§ 1331 and 1346(b).

4.

Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(e), in that a substantial part of the events or omissions giving rise to this claim occurred herein.

5.

Notice of plaintiffs' tort claims was received by the United States of America through its agency the FMCSA, DOT, on May 1, 2013.  The claims were formally and finally denied in writing by letters dated October 28, 2013.  True and correct copies of said denials are attached hereto as Exhibit 1.

## FACTS

6.

The United States Secretary of Transportation, acting through its employees in FMCSA, was at all relevant times charged with the duty of determining whether the owner or operator of a commercial motor vehicle was fit to operate such a vehicle safely.

7.

Sky Express was at all relevant times engaged in the transportation of passengers in interstate commerce, and its motor coaches were commercial motor vehicles as defined by federal law.

8.

On April 7, 2011, employees of FMCSA conducted a compliance review of Sky Express's operations, during which they identified numerous safety violations. These safety violations included, without limitation, requiring or permitting its driver of a passenger-carrying commercial motor vehicle to drive (i) more than 10 hours following eight consecutive hours off duty, (ii) after being on duty for 15 hours following eight consecutive hours off duty, and (iii) after being on duty for more than 60 hours in seven consecutive days. *See* 49 C.F.R. § 395.5(a)(1), (a)(2) and (b)(1).

9.

Based on the review, Sky Express was assigned a proposed safety rating of UNSATISFACTORY. It was notified of the proposed UNSATISFACTORY rating on April 12, 2011, and was assessed $33,290 in civil penalties. A true and correct copy of the April 12, 2011 notification is attached hereto as Exhibit 2. A

Notice of Claim was issued to Sky Express by FMCSA on April 22, 2011.  A true

and correct copy of the April 12, 2011 notification is attached hereto as Exhibit 3.

10.

Upon a determination by FMCSA that the owner or operator of a

commercial motor vehicle transporting passengers was unfit, such owner or

operator was at all relevant times prohibited from operating commercial motor

vehicles in interstate commerce beginning on the 46th day after the date of the

agency's determination of unfitness. *See* 49 U.S.C. § 31144(c)(2).

11.

Similarly, a Federal Motor Carrier Safety Regulation ("FMCSR") at all

relevant times provided that a motor carrier rated "unsatisfactory" was prohibited

from operating a commercial motor vehicle carrying passengers in interstate

commerce beginning on the 46th day after the date of the FMCSA notice of the

proposed "unsatisfactory" rating. *See* 49 C.F.R. § 385.13(a)(1).

12.

A motor carrier that had taken action to correct the deficiencies that resulted

in a rating of "unsatisfactory" was authorized under another FMCSR to request a

rating change by submitting evidence that it had taken corrective actions, and that

5

its operations currently met applicable safety standards and factors. *See* 49 C.F.R.

§ 385.17(a) and (c).

13.

For a motor carrier transporting passengers, the FMCSA had discretion to

extend the 45-day period prior to shut down described in Section 385.13(a)(1) for

up to ten days, but only "if the motor carrier has submitted **evidence** that corrective

actions **have been taken**," and only if the FMCSA could not make a final

determination within the 45-day period.  49 C.F.R. § 385.17(f) (2011) (Emphasis

added.) [1] .

14.

Under another subsection of the regulation, if the FMCSA determined that a

motor carrier was making a "good faith effort" to improve its safety status, it was

authorized to allow the motor carrier to continue its operations in commerce for up

to 60 additional days.  *See* 49 U.S.C. § 385.17(g).  This provision did not, however,

apply to motor carriers that were transporting passengers, such as Sky Express. <u>See</u>

*id.*

---

[1] This regulation was amended in October 2012 to delete the sentence in paragraph
(f) providing for extension in the case of a motor carrier transporting passengers.
A true and correct copy of 49 C.F.R. 385.17 in effect at the time of the compliance
review, extension, and bus crash in spring 2011 is attached hereto as Exhibit 4.

15.

After receiving notice of its UNSATISFACTORY rating, Sky Express

purportedly entered into an agreement with GGRC Inc., a transportation consulting

company operated by George Gray.   On May 11, 2011, Mr. Gray wrote to Darrell

Ruban, Field Administrator for FMCSA's Southern Service Center in Atlanta,

Georgia, requesting further review and "a change of the proposed

UNSATISFACTORY rating to a CONDITIONAL Safety Rating as contained

within 49 CFR 385.17."   Mr. Gray stated that he was providing information in his

letter "to show we intend to satisfy the requirements for effective corrective

action." (Emphasis added)    Noting that the forty-five day period prior to

shutdown would expire on May 28, 2011, Mr. Gray requested that a review for an

upgrade of Sky Express's safety rating be scheduled as soon as possible.  A copy

of the letter was sent to Mr. Chris Hartley, FMCSA Division Administrator in

Raleigh, North Carolina. A true and correct copy of Mr. Gray's May 11, 2011

correspondence is attached hereto as Exhibit 5.

16.

On May 12, 2011, Mr. Hartley sent a memorandum to Mr. Ruban regarding

the Sky Express upgrade request.  Mr. Hartley stated, *inter alia*, that Sky Express

failed to submit **evidence** of corrective actions for all of the violations on the April

7, 2011 compliance review, as required by 49 C.F.R. § 385.17(f) as it existed on that date. A true and correct copy of Mr. Hartley's memorandum is attached hereto as Exhibit 6.

17.

Notwithstanding Mr. Hartley's memorandum pointing out that evidence of corrective actions had not been submitted by Sky Express as required by the applicable regulation, Mr. Ruban wrote Sky Express on May 13, 2011 stating that "based upon your good faith effort, [FMCSA] will grant an extension of time to provide additional time for the North Carolina Division to conduct a follow-up Compliance Review." Mr. Ruban noted that the proposed unsatisfactory rating would become effective on May 28, 2011, but that the extension would hold the proposed rating in abeyance until June 7, 2011. A true and correct copy of Mr. Ruben's May 13, 2011, correspondence to Sky Express is attached hereto as Exhibit 7.

18.

On May 31, 2011, plaintiffs Geeta Chhetri and Pratik Chhetri were passengers on a Sky Express bus en route from North Carolina to New York. As the bus was passing through Caroline County, Virginia on Interstate 95 North, its driver fell asleep due to fatigue, and the bus left the highway and crashed, causing

8

Ms. Chhetri and Mr. Chhetri to sustain serious painful and permanent injuries discussed more fully below.

19.

United States Secretary of Transportation Ray LaHood commented the day after the wreck on Mr. Ruban's decision to grant the extension to Sky Express: "I'm extremely disappointed that this carrier was allowed to continue operating unsafely when it should have been placed out-of-service for the benefit of its passengers and other motorists."

## LIABILITY OF THE UNITED STATES OF AMERICA

20.

All other allegations of this Complaint are incorporated by reference herein.

21.

Liability of the United States of America is predicated on 28 U.S.C. §§ 1346(b)(1) and 2674, because the personal injuries and resulting damages that form the basis of this Complaint were proximately caused by the negligence, wrongful acts and/or omissions of one or more employees of the United States of America acting within the course and scope of their employment .

22.

When a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, the employee has no rightful option but to adhere to the directive. *See United States v. Gaubert*, 499 U.S. 315, 322, 111 S. Ct. 1267, 1273 (1991); *Berkovitz v. United States*, 486 U.S. 531, 536, 108 S. Ct. 1954, 1959 (1988).

23.

The "good-faith effort" standard on which Mr. Ruban based his decision to grant the extension to Sky Express was expressly **not applicable** to motor carriers like Sky Express that transport passengers. *See* 49 C.F.R. § 385.17(g).

24.

Neither Mr. Ruban nor any other FMCSA employee had colorable discretion to grant an extension for a motor carrier transporting passengers, unless the motor carrier (i) had submitted evidence that corrective action had been taken, and (ii) only if FMCSA could not make a final determination within the original 45-day period. 49 C.F.R. § 385.17(f) (2011).

25.

Mr. Hartley stated in his memorandum to Mr. Ruban, Exhibit 6, that Sky Express had not submitted evidence in support of its request for the rating change, and Sky Express had, in fact, not submitted any evidence in support of its request.

26.

In granting the extension to Sky Express based on an inapplicable "good faith effort" standard, Mr. Ruban failed to exercise due care and, under circumstances where passengers' lives and safety hung in the balance, was grossly and recklessly negligent.

27.

The bus wreck in which Ms. Chhetri and Mr. Chhetri were injured occurred during the period of the impermissible extension, and was proximately caused by the gross negligence of Mr. Ruban and/or one or more other FMCSA employees in granting Sky Express the extension that permitted it to continue transporting passengers up to the time of the wreck.

28.

As the direct and proximate result of the gross negligence of Mr. Ruban and/or one or more other FMCSA employees, in disobedience and violation of federal law, Geeta Chhetri has been damaged in that she has:

(a)  sustained catastrophic injuries requiring extended hospitalization, treatment, and rehabilitation,

(b) incurred the expenses of such treatment and rehabilitation services, and will incur significant expenses related to treatment and rehabilitation in the future, exceeding $5,000,000,

(c) sustained a loss of income both past and future as well as a loss of future earning capacity,

(d) sustained a diminution of her life expectancy, disfigurement and humiliation, and

(e) experienced the profound anguish and mental suffering associated with permanent paralysis.

29.

As the direct and proximate result of the gross negligence of Mr. Ruban and/or one or more other FMCSA employees, in disobedience and violation of federal law, Pratik Chhetri has been damaged in that he has:

(a) sustained severe injuries requiring extended hospitalization, treatment, and rehabilitation,

(b) incurred the expenses of such treatment and rehabilitation services, and will incur significant expenses related to treatment and rehabilitation in the future, exceeding $23,000,

(c) sustained a loss of income both past and future as well as a loss of

future earning capacity, and

(d)    experienced the profound anguish and mental suffering associated

with major spinal injuries.

30.

For all of these damages, Defendant United States of America is liable to

plaintiffs Geeta Chhetri and Pratik Chhetri.

WHEREFORE, plaintiff Geeta Chhetri respectfully asks this Court to enter

judgment on her behalf and against Defendant, the United States of America, in the

amount of THIRTY-SIX MILLION, ONE HUNDRED SEVENTY FIVE

THOUSAND DOLLARS ($36,175,000), together with pre-judgment interest from

May 31, 2011, post-judgment interest, costs, and such other relief as is allowed by

law.  Plaintiff Pratik Chhetri respectfully asks this Court to enter judgment on his

behalf and against Defendant, the United States of America, in the amount of ONE

MILLION DOLLARS ($1,000,000), together with pre-judgment interest from May

31, 2011, post-judgment interest, costs, and such other relief as is allowed by law.

This ⅄⅃ day of April, 2014.

Richard C. Mitchell
Georgia Bar No. 513425
richard@mitchellshapiro.com
Patrick J. O'Connor
Georgia Bar No. 548417

patrick@mitchellshapiro.com
Mitchell & Shapiro LLP
3490 Piedmont Road, Suite 650
Atlanta, Georgia 30305
T: (404) 812-4757
F: (404) 812-4740


Attorneys for Plaintiffs Geeta Chhetri
And Pratik Chhetri